# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DIANA GARCIA, ) | |
| ) | |
| Plaintiff, ) | Case No. 25-cv-3245 |
| ) | |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| THE CITY OF CHICAGO and ) | |
| JESUS VALENCIA, ) | |
| ) | |
| Defendants. ) | |

## AMENDED COMPLAINT

Plaintiff DIANA GARCIA, represented by her attorneys ED FOX & ASSOCIATES, LTD., brings this Amended Complaint against Defendants CITY OF CHICAGO and JESUS VALENCIA, alleging as follows:

### JURISDICTION AND VENUE

1. The cause of action is 42 U.S. Code § 1983.

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, and/or 1367.

3. This venue is proper under 28 U.S.C. § 1391 because the acts complained of arose in this District.

### PARTIES

4. At all relevant times, Plaintiff DIANA GARCIA ("Plaintiff") was a citizen of the United States of America and within this Court's jurisdiction.

5. At all relevant times, Defendant JESUS VALENCIA ("Defendant Officer") was a police officer in the Chicago Police Department. Defendant Officer acted under color of state law and within the scope of his employment. Defendant Officer is being sued in his individual capacity.

6. At all relevant times, Defendant CITY OF CHICAGO ("Defendant City") was a political division of the State of Illinois and served as the employer of Defendant Officer. Defendant Officer acted as a representative, employee, and/or agent of Defendant City. Pursuant to the doctrine of *respondeat superior*, Defendant City bears liability under state law theories for actions committed by its representatives, employees, and agents acting within that scope.

## FACTUAL ALLEGATIONS

7. On or about March 14, 2025, a civilian battered Plaintiff in Chicago, Illinois.

8. Defendant Officer witnessed the civilian batter Plaintiff.

9. A Chicago police officer pulled the civilian away from Plaintiff.

10. Defendant Officer then shoved Plaintiff to the ground.

11. There was no legal justification to shove Plaintiff.

12. As a direct and proximate result of one or more of the above-mentioned actions and/or omissions by Defendant Officer, Plaintiff suffered significant injuries, including but not limited to physical pain, the loss of liberty, invasion of privacy, humiliation, indignities, and suffered great mental and emotional pain in an amount yet to be ascertained.

13. The actions and/or omissions mentioned above by Defendant Officer were willful, wanton, malicious, oppressive, and done with reckless indifference and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

14. Because of the actions and/or omissions mentioned above by Defendant Officer, Plaintiff retained attorneys to institute, prosecute, and render legal assistance to her in the within action so that they might vindicate the loss and impairment of her rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorneys' fees under any relevant provision set by law.

## COUNT I
## EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT UNDER 42 U.S.C. § 1983

15. Plaintiff hereby incorporates and reasserts paragraphs one (1) through fourteen (14) as though fully set forth at this place.

16. Defendant Officer shoved Plaintiff in a manner that was unnecessary, unreasonable, and excessive, thereby causing Plaintiff to suffer physical, emotional, financial, and other injuries. Through this conduct, Defendant Officer deprived Plaintiff of her rights secured by the Fourth Amendment to the United States Constitution and laws enacted thereunder. Therefore, Defendant Officer is liable under 42 U.S.C. § 1983

## COUNT II
## CIVIL BATTERY IN VIOLATION OF ILLINOIS COMMON LAW

17. Plaintiff hereby incorporates and reasserts paragraphs one (1) through fourteen (14) as though fully set forth at this place.

18. Defendant Officer intentionally shoved Plaintiff to the ground, causing her to suffer physical, emotional, financial, and other injuries. Through this conduct, Defendant Officer committed a civil battery under Illinois common law. Therefore, Defendant City is liable for civil battery under Illinois common law under the doctrine of *respondeat superior*.

## PRAYER FOR RELIEF

19. Defendants shall pay general damages, including emotional distress.

20. Defendants shall pay special damages.

21. Defendants shall pay attorneys' fees.

22. Defendant Officer shall pay punitive and exemplary damages.

23. Defendants shall pay the costs of the suit herein incurred.

24. Plaintiff shall have such other and further relief as this Court may deem just and proper.

Dated: July 10, 2025

Respectfully submitted,

*/s/ Peter T. Sadelski*
Peter T. Sadelski
ED FOX & ASSOCIATES, LTD.
118 North Clinton Street, Suite 425
Chicago, Illinois 60661
(312) 345-8877
petersadelski@efoxlaw.com
*Attorney for Plaintiff*